IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED
DEC 22 2011
CLERK, US DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 2:11cr139

MICHAEL ANGELO ECKLIN

## OPINION AND ORDER

This matter is before the Court on Michael Angelo Ecklin's (hereinafter "Ecklin") Motion for Judgment of Acquittal filed on December 15, 2011. Pursuant to Federal Rule of Criminal Procedure 29, Ecklin requests entry of an order dismissing the charge of aiding and abetting under Count Two of the Indictment. For the reasons set forth below, Ecklin's motion is **GRANTED**.

### I. Procedural History

The Government's Indictment charged both Ecklin and his co-defendant, Khallid Carter, with being felons in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and aiding and abetting each other's possession of a firearm and ammunition, in violation of 18 U.S.C. § 2. Specifically, Count 1 charged Ecklin with being a felon in possession of a firearm and ammunition, and Count 2 charged Ecklin with aiding and abetting his co-defendant Carter's possession of a firearm and ammunition.

This matter went to trial on December 7, 2011. After the close of the Government's case-in-chief on December 8, 2011, both Ecklin and Carter moved for dismissal of the aiding and abetting charges against them pursuant to Fed. R. Crim. P. 29. Counsel for both defendants presented arguments that the Third and Sixth Circuits require the Government to show that a defendant knew or had cause to know that the principal was a convicted felon in order to find

aiding and abetting liability under 18 U.S.C. § 922(g). They noted, however, that the Fourth Circuit has not ruled on this issue, and there is a circuit split because the Ninth Circuit does not require the Government to prove such knowledge on the part of the aider and abettor. The Court denied these Rule 29 motions but advised counsel they could renew them at the close of all of the evidence.

Counsel did renew their Rule 29 motions to dismiss the aiding and abetting charges in the Indictment at the close of all the evidence. Having taken into consideration the decisions in the Third and Sixth Circuits, and having found them persuasive, the Court found that the Government produced no evidence at trial to show that co-defendant Carter knew or had cause to know that Ecklin was a convicted felon. Therefore, the Court held that the evidence was insufficient to sustain a conviction of aiding and abetting against Carter. However, with regard to Ecklin's motion, the Court found that there was sufficient testimony to demonstrate that Ecklin knew Carter was a convicted felon and thus denied Ecklin's Rule 29 motion.

After deliberating the Jury returned its verdict finding Ecklin guilty of both Counts of the Indictment. The Court subsequently informed counsel for Ecklin that it would entertain a motion to set aside the aiding and abetting verdict if it was filed within ten (10) days of December 9, 2011. The Government was likewise told it could file a memorandum in response within ten days of the verdict.

## II. Applicable Law

Fed. R. Crim. P. 29(a) and (c)(2) grants the Court the power to set aside a guilty verdict returned by a jury and enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.

Under 18 U.S.C. § 2 whoever aids, abets, counsels, commands, induces, or procures the commission of an offense against the United States is punishable as a principal. In order for a jury to convict a defendant of an aiding and abetting crime, the Government must produce sufficient evidence to show that the defendant knowingly associated himself with and participated in the criminal venture. See United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983) (citing Nye & Nissen v. United States, 336 U.S. 613, 619-20 (1949); United States v. Beck, 615 F.2d 441, 448 (7th Cir. 1980); United States v. Pearlstein, 576 F.2d 531, 546 (3d Cir. 1978); United States v. Di Stefano, 555 F.2d 1094, 1103 (2d Cir. 1977)). In order to prove the element of association, the Government must show that the defendant shared in the principal's criminal intent. See id. (citing Beck, 615 F.2d at 449). As the Fourth Circuit stated in Winstead, this requires evidence that the defendant be aware of the principal's criminal intent and the unlawful nature of his acts. See id. (citing Pearlstein, 576 F.2d at 546). Evidence that the defendant merely brought about the arrangement that made the criminal acts of the principal possible does not alone support a conclusion that the defendant was aware of the criminal nature of defendant's acts. See id. (citing United States v. Belt, 574 F.2d 1234, 1240 (5th Cir.1978)).

With regard to aiding and abetting a felon in possession of a firearm, there is a circuit split as to whether the aider and abettor must know or should have known that the principal was a convicted felon. The Ninth Circuit has held that the Government does not need to show that the defendant knew the principal was a felon. See United States v. Graves, 143 F.3d 1185, 1188 (9th Cir.1998); United States v. Canon, 993 F.2d 1439, 1442 (9th Cir.1993). However, in Graves, although the Ninth Circuit did not overturn Canon, it expressed reservations regarding the holding in Canon:

3

> "Although we acknowledge that <u>Canon</u> decided the question whether an aider and abettor is required to know of the principal's status as a felon, we have serious reservations regarding the soundness of that determination. In particular, we note that the decision contains no analysis in support of its conclusion, but rather in one conclusory sentence simply points to <u>United States v. Sherbondy</u>, 865 F.2d 996 (9th Cir.1988) as authority. <u>Sherbondy</u>, however, was strictly concerned with whether the principal must have knowledge of the jurisdictional element of § 922(g).
> Nevertheless, <u>Canon</u> is consistent with the general rule that the knowledge of an aider and abettor need be no greater than the knowledge of the principal. <u>See</u> discussion infra Part I(A). And our failure in <u>Canon</u> to make what would appear to be a logical exception in a case in which a principal is presumed to have knowledge of his own status but there is no reason an aider and abettor should be presumed to have such knowledge, does not relieve us of the obligation to follow its dictates."

<u>Graves</u>, 143 F.3d at 1188 n. 3. Although the Seventh Circuit has not directly ruled on this particular question, it has held that a defendant in this type of case need only share the principal's knowledge that the principal possessed a gun. <u>See</u> <u>United States v. Moore</u>, 936 F.2d 1508, 1527-28 (7th Cir. 1991) ("Moore was clearly aware of Miles' use of a gun in both armed robberies and, thus, satisfied this prong of the 'aiding and abetting' test.").

In contrast to the Ninth and Seventh Circuits, the Third and Sixth Circuits have held that the Government must show that a defendant knew or had cause to know that the principal was a convicted felon. <u>See</u> <u>United States v. Gardner</u>, 488 F.3d 700 (6th Cir. 2007); <u>United States v. Xavier</u>, 2 F.3d 1281 (3d Cir. 1993). In <u>Xavier</u>, the Third Circuit found that

> "Allowing aider and abettor liability under § 922(g)(1), without requiring proof of knowledge or reason to know of the possessor's status, would effectively circumvent the knowledge element in § 922(d)(1) and, as the government concedes in its brief, 'would abrogate congressional intent.' Therefore, we hold there can be no criminal liability for aiding and abetting a violation of § 922(g)(1) without knowledge or having cause to believe the possessor's status as a felon. Unless there is evidence a defendant knew or had cause to believe he was aiding and abetting possession by a convicted felon, it has not shown a 'guilty mind' under 18 U.S.C. § 2(a).

2 F.3d at 1286-87. Finding the Third Circuit's opinion to be well-reasoned, the Sixth Circuit

followed it and further stated that the Ninth and Seventh Circuits offer "little reasoning for their conclusions. In Canon...the Ninth Circuit provides almost no support for its holding, writing that, because the government did not have to show that the principal knew his own felonious status, the government only had to show that the aider and abettor 'associated himself with [the principal's crime], that he participated in it as in something that he wished to bring about, [and] that he [sought] by his action to make it succeed.'" Gardner, 488 F.3d at 714-15.

Pointing to the fact that in § 922(d) Congress requires the Government to show that a defendant knew or had cause to know of the transferee's status, the Sixth Circuit stated that the presumption that a third party has knowledge of the principal's felonious status is on shaky ground: "We cannot countenance an interpretation of § 922(g) that would permit any ordinary gun dealer to be held criminally liable for 'aiding' a third person's possession of a firearm without some knowledge or cause to know of that third person's status as a convicted felon, when that very same transaction would not be criminal under § 922(d) for 'selling' the same gun." Id. at 715. Therefore, following the the Third Circuit, the Sixth Circuit has also held that the Government must show that the defendant knew or had cause to know that the principal was a convicted felon.

Since the Fourth Circuit's opinion in Winstead requires a defendant to be aware of the principal's criminal intent and the unlawful nature of his acts, this Court finds the reasoning the Third and Sixth's Circuits to be persuasive and adopts it here because a defendant can only be aware of the unlawful nature of the principal's being a felon in possession of a firearm and ammunition if he knows that the principal was a convicted felon.

III. Analysis

In this case, the Government provided no direct evidence at trial that either Ecklin or his

5

co-defendant Carter knew or had cause to know that the other was a convicted felons. The Government elicited testimony from one witness, Shannel Bonds, on direct examination that Carter appeared with a firearm from an alleyway and yelled, "That's my MF brother." During cross-examination of Ecklin, also known as "Blood," the Government asked him if he had his nickname because he was in fact a Blood, i.e., a member of the Bloods gang. Ecklin answered that when he was younger, he had been called "Youngblood," and that this nickname became Blood when he got older. On cross-examination of Carter, the Government introduced Carter's prior felony conviction for gang participation and questioned him about that.

During oral arguments for the Rule 29 motions at trial, the Government argued that Carter's statement that Ecklin was his "MF brother" was circumstantial evidence that Ecklin and Carter knew each other well and, therefore, that Carter knew that Ecklin was a convicted felon. Furthermore, when hearing Rule 29 arguments at the close of trial, the Court suggested that gang affiliation for both Ecklin and Carter could circumstantially prove that Ecklin was aware of Carter's status as a convicted felon. Upon review of the record, however, the claim that Carter was a member of a gang is tenuous at best. Even if either defendant was a member of the Bloods gang, the Government did not provide evidence as to exactly which gang they were in, or may still have been in before being arrested for this offense. Furthermore, the Court found that none of the evidence presented at trial, neither Carter's statement nor the potential gang affiliation, was sufficient to maintain the charge of Carter's aiding and abetting Ecklin's possession of the firearm. The evidence discussed above relating to Carter is the only evidence produced at trial relating to Ecklin's knowledge as well, and it must likewise be found to be insufficient. Indeed, the Fourth Circuit held in Winstead, 708 F.2d at 927, that a defendant who merely brings about the

arrangement that made the criminal acts of the principal possible does not alone support a conclusion that the defendant was aware of the criminal nature of the acts. Here, the evidence showed that Khallid Carter first picked up the gun and brought it to Ecklin, who took it from him. That Ecklin aided in possession of the firearm and ammunition does not in and of itself show that Ecklin knew that his co-defendant was a convicted felon. Thus, there is not even evidence to show that Ecklin helped bring about the arrangement that made his co-defendant's possession of the firearm possible.

Therefore, since a review of the record has shown there was insufficient evidence presented at trial that Ecklin knew Carter was a convicted felon, and thus could not have been aware of the unlawful nature of Carter being a felon in possession of a firearm and ammunition, the Court sets aside the jury's verdict on the aiding and abetting charge and finds the defendant Michael Ecklin not guilty of aiding and abetting Khalid Carter in the charge of being a felon in possession of a firearm and ammunition.

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant Ecklin's motion for judgment of acquittal as to Count Two of the Indictment. Therefore, the jury's guilty verdict on the aiding and abetting charge against Michael Ecklin in Count Two of the Indictment is hereby **SET ASIDE** and the Clerk is **ORDERED** to enter a judgment of acquittal regarding this charge.

The Clerk is **DIRECTED** to deliver a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Norfolk, Virginia
December __, 2011

/s/
Robert G. Doumar
Senior United States District Judge