IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**MICHAEL ANGELO ECKLIN,**

    Petitioner

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

FILED

DEC 1 6 2013

CLERK, U.S. DISTRICT COURT

**CRIMINAL NO. 2:11-CR-139**

## OPINION AND ORDER

This matter comes before the Court upon Michael Ecklin's ("Petitioner") identical Motions for a Complete Transcript of the Trial, Excluding Voir Dire. ECF Nos. 138 & 139. For the reasons set forth herein, the court **DENIES** Petitioner's Motions. ECF No. 138 & 139.

On December 9, 2011, a jury of his peers found Petitioner guilty of possessing a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) (Count 1) and aiding and abetting his co-defendant's possession of a firearm and ammunition in violation of 18 U.S.C. § 2 (Count 2). The Court then dismissed Count 2 on Petitioner's Motion, acquitting him of the offense pursuant to Federal Rule of Criminal Procedure 29 because the evidence presented was insufficient to satisfy the verdict.

The court sentenced Petitioner to 120 months of imprisonment, three years supervised release, and a special assessment of $100.00 on April 16, 2013. Petitioner timely appealed. The Fourth Circuit affirmed this Court's judgments on June 14, 2013 and denied a petition for rehearing on July 16, 2013. Because Petitioner is a *pro se* petitioner, the Court will liberally construe the instant motion.

Petitioner requests "a complete copy of the trial transcript . . . for the purpose of properly preparing and perfecting a motion under 28 U.S.C. § 2255, in order to prepare briefs and any other requirement that may be needed [sic]." Petitioner is not entitled to the trial transcript.

Longstanding precedents hold that a prisoner seeking free copies of records in a criminal case must show a particularized need for such records. *See, e.g., Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972), *cert. denied* 410 U.S. 944 (1973); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw."). Petitioner's desire to properly prepare and perfect a 28 U.S.C. § 2255 Motion fails to satisfy that burden.

For the foregoing reasons, the Court **DENIES** Petitioner's Motions for a Complete Transcript of the Trial Excluding Voir Dire. ECF Nos. 138 & 139.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

_____ /s/ _____

Robert G. Doumar
Senior United States District Judge
_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 16, 2013

2