IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

MICHAEL ANGELO ECKLIN,

    Petitioner

    v.                                                CRIMINAL NO. 2:11-CR-139

UNITED STATES OF AMERICA,

    Respondent.

## OPINION AND ORDER

This matter comes before the Court upon Michael Ecklin's ("Petitioner") Motion and Leave For Extension of Time. ECF No. 142. For the reasons set forth herein, the court **DENIES** Petitioner's Motion. ECF No. 142.

Petitioner seeks a blanket "extension of time for filing of motions, pleadings and other instruments in the case at bar, pursuant to Fed.R.Crim.Proc. Rule 45(b)." He notes that he has recently been transported from one prison facility to another and does not have access to an adequate law library.

The Court interprets this *pro se* motion liberally and, although nowhere stated in the motion, believes Petitioner is asking for an extension of time under Rule 45(b) to file a motion pursuant to 28 U.S.C. § 2255. The Court comes to this conclusion because Petitioner has previously filed a motion, which the Court denied, for his trial's transcript in order to "prepare[] and perfect[] a motion under 28 U.S.C. § 2255." That inchoate 2255 motion has yet to be filed. Therefore, the Court concludes that Petitioner is seeking an extension of time to file a motion pursuant to 28 U.S.C. § 2255. The Court, however, is without the power Petitioner ascribes it.

1

A motion pursuant to 28 U.S.C. § 2255 must be brought within one year of the later of:

(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Congress has prescribed a one year statute of limitation for actions under this statute and established four markers from which the one year period runs. The Court cannot change this time period. For the foregoing reasons, the Court **DENIES** Petitioner's Motion. ECF No. 142.

If Petitioner is alternatively filing a Motion and Leave for Extension of Time some other motion at some other time, the Court **DENIES** such a motion as overly broad and unconnected to any pending matter.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record, if any, and to Petitioner.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
July ___, 2014

2